## SUMMARY OF THE CASE

Appellant, Terry Allen Garnette, appeals from the judgment of the District Court imposing sentence on one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), following his April 26, 2005, plea of guilty. On December 14, 2005, judgment was entered on the conviction and Mr. Garnette was sentenced to concurrent sentences of 255 months on count one and 240 months on count two, followed by a life term of supervised release. Notice of appeal was filed on January 4, 2006.

The defendant challenges the length of his sentence on the ground that it was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). The defendant also challenges the district court's decision that it could not take into account his personal history of childhood sexual abuse in either the guidelines calculation or in determining his sentence under U.S.S.G. § 3553(a).

## REQUEST FOR ORAL ARGUMENT

Because the defendant advances substantial grounds for relief, he respectfully requests to be heard in oral argument. Ten minutes would be sufficient argument time.

i

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF THE ISSUES
       PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

I.    WHETHER MR. GARNETTE'S SENTENCE WAS
     UNREASONABLE UNDER 18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . 7

II.   WHETHER THE JUDGE ERRED IN
     HOLDING THAT  EXTRAORDINARY CHILD SEX ABUSE
     CANNOT BE CONSIDERED UNDER 18 U.S.C. § 3553(a) IN
     CHILD PORNOGRAPHY CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF FILING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Appellate Case: 06-1053    Page: 2    Date Filed: 03/13/2006 Entry ID: 2020638

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*United States v. Beltran*, 122 F.3d (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Booker*, 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 16

*United States v. Claiborne*, No. 05-2198, 2006 WL 432899
(8th Cir. Feb. 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 12

*United States v. Croxford*, No. 04-4158, 2006 WL 541250,
(10th Cir. March 7, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Gann*, No. 04-4850, 2005 WL 3528917
(6th Cir. Dec. 21, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Gatewood*, No. 05-1865, 2006 WL 452902
(8th Cir. Feb. 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Lindquist*, 421 F.3d 751 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . 8

*United States v. McMannus*, 436 F.3d 871 (8th Cir. 2006) . . . . . . . . . . . . . . . . . 9

*United States v. Moore*, 38 F.3d 977 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Myers*, No. 05-1543, 2006 WL 488411
(8th Cir. Mar. 2, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Rice*, 332 F.3d 538 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Schafer*, No. 05-2049, 2006 WL 435200
(8th Cir. Feb. 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Sharpley*, 399 F.3d 123 (2nd Cir. 2005) . . . . . . . . . . . . . . . . . . 12

*United States v. Walter*, 256 F.3d 891 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . 15

Appellate Case: 06-1053     Page: 3     Date Filed: 03/13/2006 Entry ID: 2020638

**Statutes**

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 14, 15, 16, 17

**Other**

U.S.S.G. §5H1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

U.S.S.G. § 5K2.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

U.S.S.G. § 2G2.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Appellate Case: 06-1053     Page: 4     Date Filed: 03/13/2006 Entry ID: 2020638

# PRELIMINARY STATEMENT

The decision appealed: Terry Garnette appeals from the judgment in a criminal case, filed December 14, 2005, by the Honorable Harold D. Vietor, Judge of the Southern District of Iowa. The court entered judgment after appellant pleaded guilty to production and distribution of child pornography, in violation of 18 U.S.C. § 2251(a) and 2252 (a)(2).

Jurisdiction of the Court below: The United States District Court had jurisdiction over appellant's federal criminal prosecution pursuant to 18 U.S.C. § 3231: "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

Jurisdiction of this Court: This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291: "The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Jurisdiction over sentencing appeals is also specifically conferred by 18 U.S.C. §3742(a)(1)-(4).

The defendant filed a timely notice of appeal on January 4, 2006.

Appellate Case: 06-1053    Page: 5    Date Filed: 03/13/2006 Entry ID: 2020638

## STATEMENT OF THE ISSUES
## PRESENTED FOR REVIEW

### I.

### WHETHER MR. GARNETTE'S SENTENCE WAS UNREASONABLE UNDER 18 U.S.C. § 3553(a).

<u>Authorities</u>

18 U.S.C. § 3553(a)

*United States v. Booker*, 543 U.S. 220 (2005)

*United States v. Claiborne*, No. 05-2198, 2006 WL 432899 (8th Cir. Feb. 27, 2006)

*United States v. Myers*, No. 05-1543, 2006 WL 488411 (8th Cir. Mar. 2, 2006)

### II.

### WHETHER THE JUDGE ERRED IN HOLDING THAT EXTRAORDINARY CHILD SEX ABUSE CANNOT BE CONSIDERED UNDER 18 U.S.C. § 3553(a) IN CHILD PORNOGRAPHY CASES.

<u>Authorities</u>

18 U.S.C. § 3553(a)

U.S.S.G. § 5K2.13

*United States v. Rice*, 332 F.3d 538 (8th Cir. 2003)

1

## STATEMENT OF THE CASE

Procedural History: A four-count indictment was filed against Terry Garnette on July 28, 2004 charging him with a violations of 18 U.S.C. § 2251(a), 2252(a)(2) and 2252(a)(4)(B) – production, distribution, receipt and possession of child pornography. On April 26, 2005, Mr. Garnette appeared in open court and pleaded guilty under a plea agreement to counts one and two in the indictment. On December 14, 2005, Mr. Garnette was sentenced to concurrent sentences of 255 months incarceration on count one and 240 months incarceration on count two, followed by a life term of supervised release. Notice of appeal was filed on January 4, 2006.

## STATEMENT OF THE FACTS

Mr. Garnette took photos of a 4-year-old girl lasciviously exhibiting her genitals and pubic area. (P.A. p. 11).[1] Mr. Garnette also traded child pornography online in order to obtain more child pornography, but did not sell any pornography. (P.A. p. 12). The girl's mother, Mr. Garnette's live-in girlfriend, discovered the

---

[1]In this brief, counsel cites the record as follows. Plea Agreement signed by the parties is "P.A. p. [page number]." Sentencing Transcript of the sentencing hearing on December 14, 2005, is "S.T. p. [page number]." Presentence report is "PSI ¶ [paragraph number]." Defendant's sentencing memorandum of December 13, 2005 is "D.S.M. p. [page number]." Government's sentencing memorandum of December 14, 2005 is "G.S.M. p. [page number]."

Appellate Case: 06-1053    Page: 7    Date Filed: 03/13/2006 Entry ID: 2020638

child pornography on Mr. Garnette's computer and reported him to local authorities. (P.A. p. 11). The authorities obtained a search warrant, seized Mr. Garnette's computer, and arrested him. Mr. Garnette confessed immediately to authorities. (P.A. p. 11). Several of the images on Mr. Garnette's computer were violent and sadistic, (PSR ¶ 9), however none of the pictures that Mr. Garnette personally took of the girl were of that nature. (PSR ¶ 6; P.A. p. 11). There was no evidence from the pictures, or from Mr. Garnette's statements, that he ever physically or sexually abused the girl, other than the taking of the pictures exposing her genitals. (PSR ¶ 4, 6, 20.) There was also no evidence that he traded the pictures of the girl on the internet, only that he traded other child pornography he had received for more child pornography. (PSR ¶ 5).

Upon his arrest, Mr. Garnette continued to cooperate with authorities, both about his own offense and about others unrelated to his offense. (S.T. p. 24). He voluntarily subjected himself, at the request of the probation office, to a psychosocial analysis to try to determine the nature of his psychological makeup and if his sexual predilections could be treated. (S.T. p. 24). This assessment determined that he needed to participate in a sex offender treatment program, receive psychiatric treatment and medication, and have controls established over "triggers" in the environment. (PSR addendum 1, p. 6). The assessment

3

determined that Mr. Garnette is "below the 'more likely than not' level of re-offending" on a sex offense. (PSR addendum 1, p. 9). It also determined that he was likely a "low degree of sexual deviant re-offending risk", that he scored a "low degree of psychopathology," that he was at a "moderate level of risk" to a "low level of risk" and that he provided a valid profile to the examiner. (PSR addendum 1, p. 9-10).

The presentence report established a guideline sentencing range of 168 to 210 months, but with the statutory mandatory minimum it was effectively 180 to 210 months. (PSR ¶ 55). The defense filed a sentencing memorandum arguing for downward departures and for a variance from the Guidelines range under *United States v. Booker*, 543 U.S. 220 (2005). (D.S.M. p. 1). Specifically, the defense argued that Mr. Garnette suffered extraordinary abuse as a child which affected his mental abilities; he manifested "super" acceptance of responsibility and cooperated with authorities; and he was vulnerable to victimization in prison. Mr. Garnette also requested sex offender treatment while in prison. (D.S.M. p. 1).

The government filed a sentencing memorandum in response to the defendant's memorandum, arguing against all of the defendant's downward departure and variance arguments. The sentencing memorandum informed the defendant that, despite his cooperation, he would not be receiving a substantial

Appellate Case: 06-1053     Page: 9     Date Filed: 03/13/2006 Entry ID: 2020638

assistance motion from the government. (G.S.M. p.2; S.T. p. 18). The government did not request an upward variance or put forth any rationale why an upward variance was warranted.

 The defense presented a witness at sentencing, Mr. Garnette's sister, who testified to the horrific sexual abuse she and Mr. Garnette had suffered when they were young children at the hands of their step-father. (S.T. p. 8-9). She also testified to the impact that experience had had on her and her family and how difficult it is to live with that experience in your life. (S.T. p. 9 - 13).

The government did not call any witnesses at sentencing or put on any evidence, but had the family members of the child make statements to the judge. (S.T. p. 14-17). With no prior indication to the defense, the government then asked the court for the statutory maximum sentence for Mr. Garnette. (S.T. p. 28). The court then submitted the supervised release conditions to the defendant at sentencing and he did not object to any of the conditions. (S.T. p. 29).

The court stated that what happened to the defendant as a child was a tragedy, but stated that "while in certain types of cases extraordinary abuse as a child might be a basis for making a downward departure, I am not at all satisfied that it works in a case like this." (S.T. p. 30). He went on to rule that "I think what happened to him as a child no doubt was a contributing factor, if not the primary

5

factor, in bringing about his own conduct as an adult; but that cannot justify a lower sentence in my opinion than is otherwise appropriate." (S.T. p. 30). He also denied the other rationales for a lower sentence.

The court then varied upward from the guideline range, citing only the age of the girl, and the fact that he distributed "pedophilia pornography," and that the defendant had "been a long time actor in this underground," despite no evidence of prior "acting" in any sort of "underground." The judge varied from the top of the sentencing range of 210 months to 255 months, "the midway point between the top of the guideline range and the statutory maximum." (S.T. p. 33). This is a 21% variance from the top of the range (255 from 210), a 29% variance from the statutory mandatory minimum (255 from 180), and a 34% variance from the bottom of the range (255 from 168). These percentages would be higher if the district court would have appropriately considered the defendant's prior sexual abuse as a child because his sentencing guidelines range would have been lower.

## SUMMARY OF ARGUMENT

Terry Garnette was indicted by the grand jury on charges of producing, distributing, receiving and possessing child pornography. He entered a plea of guilty to one count of producing and one count of distributing child pornography. The guideline calculation took into account the type of crime; the age of the victim

6

(PSR ¶ 34(a) and 42(a)); the fact that the minor was in the custody, care and supervisory control of the defendant (PSR ¶ 34(b)); the fact that images were traded for other images (PSR ¶ 42(b)); the sadistic nature of some of the images (PSR ¶ 42(c)); the use of the computer to trade images (PSR ¶ 42(d)); and the number of the images (PSR ¶ 42(e)).

The court varied from the guideline sentence relying upon two factors that had already been counted by the guidelines and one factor that was not based in any fact. The resulting sentence was unreasonable under § 3553(a).

The district court also erred in ruling that extraordinary sex abuse as a child is not a factor than can warrant a downward departure or variance in a child pornography case.

## ARGUMENT

## I.

**THE COURT'S SENTENCE AND UPWARD VARIANCE FROM THE GUIDELINES WAS UNREASONABLE UNDER 18 U.S.C. § 3553(a).**

<u>Standard of Review</u>: When the district court has correctly determined the guidelines sentencing range,[2] the Eighth Circuit reviews "the resulting sentence for

---

[2]The defendant submits in section II of this brief that the district court did not correctly determine the sentencing range when it determined it could not depart in "this type of case" because of the defendant suffering from childhood sex abuse.

7

reasonableness, a standard akin to our traditional review for abuse of discretion." *United States v. Claiborne*, No. 05-2198, 2006 WL 452899 at *1 (8th Cir. February 27, 2006).

Merits:  Even though the Federal Sentencing Guidelines are no longer mandatory after *United States v. Booker*, 543 U.S. 220 (2005), they were fashioned taking factors from 18 U.S.C. § 3553(a) into account and are the "product of years of careful study." *Claiborne* at *1.  Because of this, the guidelines sentencing range is presumptively reasonable.  *Id*.  The district court must start its sentencing analysis with the guidelines range.  *United States v. Lindquist*, 421 F.3d 751, 753 (8th Cir. 2005).  A district court may vary from the guidelines, but if it does so, this court "must examine whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance is reasonable."  *Claiborne* at *4, citing *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

When varying from the guideline range, the sentencing judge must offer appropriate justification under the § 3553(a) factors and that justification must be proportional to the extent of the difference between the advisory range and the

---

The guideline determination does not affect the defendant's actual sentencing range because of the statutory mandatory minimum, but it does affect the calculation of the percentage of variance that the court later imposed.

Appellate Case: 06-1053     Page: 13     Date Filed: 03/13/2006 Entry ID: 2020638

sentence imposed.  *Claiborne* at *4.  The further the district court varies from the guidelines range, the more compelling the justification based on the § 3553(a) factors must be.  *United States v. McMannus*, 436 F.3d 871, 874 (8th Cir. 2006).

This court has determined that in the absence of extraordinary circumstances, extraordinary variances based on factors that are already accounted for in the guidelines are unreasonable.  *Claiborne* at *2.  Merely citing relevant factors for sentencing is not enough if those factors do not support the judge's sentence. *United States v. Shafer*, No. 05-2049, 2006 WL 453200 at *2 (8th Cir. February 27, 2006).  A wide divergence from the guidelines sentence based solely on one criterion, especially one already taken into account by the guidelines, conflicts with the need to avoid unwarranted sentence disparities among defendants with similar records who are found guilty of similar conduct.  *United States v. Myers*, No. 05-1543, 2006 WL 488411 at *3, (8th Cir. March 2, 2006).  Such sentences are unreasonable.  *Id.*

In Mr. Garnette's case, the court could not have varied downward from the guidelines because of the fifteen year statutory mandatory minimum sentence.  No formal upward departure motions were made, so the court's variance from the guidelines, by default, had to be in the nature of a *Booker* variance, based on § 3553(a) factors.  The defendant's arguments at sentencing were originally made as

9

variance and downward departure arguments, but because the government refused to file a substantial assistance motion, the arguments were converted into reasons to stay at the bottom of the guidelines range and as factors under § 3553(a). (S.T. p. 18-19). The judge addressed these arguments, stating that the defendant's childhood life was a "tragedy," but refusing to "depart" based on any of the proffered reasons.[3] (S.T. p. 29-31). The judge then went on to vary upwards from the guidelines range. (S.T. p. 32-33).

The judge stated that the reasons for his sentence were: (1) the girl was four years old; (2) there was the distribution of pedophilia pornography; and (3) the defendant was a "long time actor in this underground. (S.T. p. 31). The judge also generically cited other § 3553(a) factors, but did not establish what particular facts in this case made it different from any other case or warranted a variance under those factors. (S.T. p. 31-33).

The age of the victim is already taken into account twice in determining the sentencing guideline range. It is taken into account both when determining the guideline range for the production charge (PSR ¶ 34(a)) and when determining the

_____

[3]As noted above, the court could not actually have departed or varied downward from the guidelines range because of the statutory mandatory minimum sentence. The court's refusal to depart does affect the percentage of upward variance he later granted.

Appellate Case: 06-1053    Page: 15    Date Filed: 03/13/2006 Entry ID: 2020638

guideline range for the distribution charge (PSR ¶ 42(a)). The fact that the defendant distributed "pedophilia pornography" is taken into account by the fact that the defendant pled to both production and distribution of child pornography and the entire guideline range is based on this premise because § 2G2.2 specifically addresses offenses involving the "Trafficking in Material Involving the Sexual Exploitation of a Minor..." Finally, the judge's statement that the defendant has been a "long time actor in this underground" is not supported by any facts at sentencing or in the presentence report.[4] The defendant has never been charged or convicted of any indecent acts with a child. He does not have a prior child pornography charge or conviction. There is no evidence that he ever produced any child pornography that was not the subject of the instant prosecution. While he had many images on his computer, that fact was also already taken into account in the guideline range and does not mean that the defendant was a "long time actor" in anything. The victim herself had only lived with the defendant for approximately two months. (PSR ¶ 4). The defendant self-reported to the government's doctor (who determined he had produced a valid profile) that he began looking at child

---

[4]The only mention at sentencing or in any of the materials involving child sexual encounters was when the defendant was the victim of sexual abuse as a child. This cannot, however, possibly be what the court was referring to by being an "actor in the underground" as the defendant was an unwilling child victim of those occurrences.

Appellate Case: 06-1053    Page: 16    Date Filed: 03/13/2006 Entry ID: 2020638

pornography approximately two years before the commission of the current offense. (PSR addendum 1, p. 4). He did self-admit an interest in legal, though deviant, sexual acts with adults in the past three to four years. (PSR addendum 1, p. 4).

These factors, as listed by the district court, do not adequately justify the district court's variance from the guidelines. *See Claiborne* at \*5-6. Because there are no factors cited by the district court that were not already taken into account in the sentencing guidelines, the district court's sentence creates a disparity in sentencing between similar defendants with similar histories who committed similar offenses. Mr. Garnette's sentence is disproportionately higher than other sentences in cases very similar to his, and even to cases where there are more aggravating factors than those in his case. *See, e.g., United States v. Croxford*, No. 04-4158, 2006 WL 541250, (10th Cir. March 7, 2006) (unpublished) (148 month sentence when defendant took nude photos of an 8-9 year old adopted daughter and a foster daughter and displayed them on the internet); *United States v. Gann*, No. 04-5840, 2005 WL 3528917 (6th Cir. Dec. 21, 2005) (unpublished) (210 months for videotaping of the actual molesting of biological daughters and coercing them into sex acts); *United States v. Sharpley*, 399 F.3d 123 (2nd Cir. 2005) (180 months for producing videos of defendant having sex with minors when defendant had prior sex abuse conviction).

Appellate Case: 06-1053    Page: 17    Date Filed: 03/13/2006 Entry ID: 2020638

In contrast to the aggravating factors in the case, the mitigating factors in Mr. Garnette's favor were not taken into account by the sentencing guidelines range. Mr. Garnette cooperated fully with authorities immediately upon his arrest about his own offense, proffered with federal officials about others' involvement in criminal activities, and provided information about inmates at the local jail. He did not receive any adjustment in his sentence for this cooperation. Mr. Garnette voluntarily underwent a psycho-sexual analysis by a government psychiatrist at the probation office's request and he provided a valid profile for the psychiatrist to work with. (PSR addendum 1). He received no benefit in his sentence for agreeing to this evaluation or being honest with the evaluator. Mr. Garnette was a tragic victim of horrific sexual abuse as a young child at the hands of a man who continues to abuse children to this day. This factor did not impact Mr. Garnette's sentence in any manner.

Taking all of Mr. Garnettes personal history and characteristics into account, recognizing that all of the aggravating factors in his case were accounted for in the sentencing guidelines calculation, and recognizing that none of the mitigating factors were accounted for in the sentencing guidelines calculation, the district court's sentence of 255 months was unreasonable. This case should be remanded

13

back to the district court for appropriate consideration of all the relevant § 3553(a) factors.

## II.

**THE DISTRICT COURT ERRED IN HOLDING THAT EXTRAORDINARY CHILD SEX ABUSE CANNOT BE CONSIDERED UNDER 18 U.S.C. § 3553(a) IN CHILD PORNOGRAPHY CASES.**

<u>Standard of Review</u>:   This court may review a decision to not depart from the guidelines if the district court did not recognize its authority to consider a mitigating factor.  *United States v. Beltran*, 122 F.3d, 1156, 1158 (8th Cir. 1997). Whether a particular factor is a permissible basis for departure is a question of law, which is reviewed without deference to the district court's opinion.  *Id.*  Similarly, whether a  particular factor is a permissible basis to support a variance from the guideline sentence is a question of law, deserving of the same *de novo* review.  *See id.*  A district court's interpretation of a statute is also reviewed de novo, so the district court's interpretation of the relevant factors under § 3553(a), is reviewed de novo.  *See United States v. Moore*, 38 F.3d 977, 979 (8th Cir. 1994).

<u>Merits</u>: The district court was supposed to specifically consider all the relevant sentencing guidelines when determining Mr. Garnette's sentence.  The district court was also supposed to consider all of the relevant § 3553(a) factors when determining Mr. Garnette's sentence.  The district court specifically did not

14

consider the fact that Mr. Garnette was the victim of sexual abuse as a child when determining his sentence, specifically stating that sex abuse as a child should not be considered in child pornography cases. The court stated,

> "[W]hile in certain types of cases extraordinary abuse as a child might be a basis for making a downward departure, I am not at all satisfied that it works in a case like this. I think what happened to him as a child no doubt was a contributing factor, if not the primary factor, in bringing about his own conduct as an adult; but that cannot justify a lower sentence in my opinion than is otherwise appropriate."

(S.T. p. 30). The court went on to state that the cases relied upon by the defense, *United States v. Rice*, 332 F.3d 538 (8th Cir. 2003) and *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001), were not similar because they were a bank robbery case and a threat to the president case, and therefore not a child pornography offense. (S.T. p. 30).

This rationale by the court is erroneous. A court can traditionally depart for extraordinary abuse as a child when that abuse affects the defendant's mental abilities. U.S.S.G. § 5H1.3 and § 5K2.13; *United States v. Rice*, 332 F.3d 538 (8th Cir. 2003) (covering how to establish a downward departure for childhood abuse though not applying it in the present case because the abuse was not exceptional). There is no language in the guidelines or in the relevant case law which support the district court's opinion that sexual abuse as a child is not a mitigating factor only in child pornography cases. To the contrary, someone who was the victim of severe

15

sexual abuse as a child may be committing crimes as an adult specifically because of the former abuse, which even the district court in this case recognizes. Under § 5K2.13, the court is supposed to review whether some aspect of the defendant's background or circumstances create a diminished capacity, especially if that impaired ability "contributed substantially to the commission of the offense." § 5K2.13, policy statement. A departure is allowed and warranted under § 5K2.13 for Mr. Garnette because, as noted by the district court, his prior severe sexual abuse as a child was likely the "primary factor" in motivating the current offense.

Even if the defendant's prior victimization as a child did not establish a traditional downward departure under the guidelines, the court should have still taken it into account under § 3553(a) because it is obviously a very important aspect of the defendant's personal history and characteristics and it is an aspect that is not taken into account in the sentencing guidelines. Since even a guidelines departure prohibition does not preclude the district court from considering a factor under *Booker* during its § 3553(a) analysis, *see United States v. Gatewood*, No. 05-1865, 2006 WL 452902 (8th Cir. Feb. 27, 2006), a holding that a particular set of facts do not meet the standard for a departure also must not preclude it. The fact that a typical downward departure cannot help the defendant's actual sentence does not

16

preclude the district court from reviewing those same factors under § 3553(a) in determining what is a reasonable sentence.

Mr. Garnette was not ever given the chance to have a normal childhood. He was severely abused by his step-father for many years. He was raped by his step-father and forced to have sex with his younger sister, starting at the age of five until age eleven. (S.T. p. 12). He was first introduced to alcohol by this abuser at the age of seven when he was forced to drink until intoxication. (PSR ¶ 114). He starting abusing drugs at the age of twelve or thirteen. (PSR ¶ 114). His family history and the history of abuse caused him to alienate his family (S.T. p. 10). His history of abuse later contributed significantly to the commission of his offense. (S.T. p. 30).

The defendant's experiences as a victim of childhood sexual abuse should have been considered by the district court when determining the defendant's sentence and were not. This was error and should be reversed.

## CONCLUSION

For the above-stated reasons, Terry Garnette requests that this Court reverse his sentence, and remand his case to the district court with instructions that he be sentenced to a reasonable sentence, taking into account all relevant factors under 18 U.S.C. § 3(a).

17

Respectfully submitted,

_____
Angela Campbell
Assistant Federal Defender
Federal Defender's Office
Suite 340, Capital Square
400 Locust Street
Des Moines, IA 50309-2353
(515) 309-9610

Appellate Case: 06-1053    Page: 23    Date Filed: 03/13/2006 Entry ID: 2020638

# CERTIFICATE OF SERVICE

I certify that I mailed two copies of this brief and a 3½-inch computer diskette containing the full document to Richard Richards, Attorney for Appellee, United States Attorney's Office, U.S. Courthouse Annex, Suite 286, 110 East Court Avenue, Des Moines, Iowa 50309-2053 on the 10th day of March, 2006. The diskette has been scanned for viruses using Symantec v. 10, and that scan showed the diskette is virus-free.

_____

Angela Campbell
Assistant Federal Defender
Federal Defender's Office
Suite 340, Capital Square
400 Locust Street
Des Moines, IA 50309-2353
(515) 309-9610

Appellate Case: 06-1053    Page: 24    Date Filed: 03/13/2006 Entry ID: 2020638

**CERTIFICATE OF FILING**

I certify that I filed ten copies of this brief and a 3½-inch computer diskette containing the full document to the Clerk of the United States Court of Appeals, Thomas F. Eagleton Courthouse, Room 24.329, 111 S. 10th Street, St. Louis, MO 63102 by sending it via Federal Express on the 10th day of March, 2006. The diskette has been scanned for viruses using Norton Anti Virus Version 5.0, and that scan showed the diskette is virus-free.

_____
Angela Campbell
Assistant Federal Defender
Federal Defender's Office
Suite 340, Capital Square
400 Locust Street
Des Moines, IA 50309-2353
(515) 309-9610

Appellate Case: 06-1053    Page: 25    Date Filed: 03/13/2006 Entry ID: 2020638